**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 0:26-CR-33-DLB-EBA**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **UNITED STATES'S OBJECTION TO REPORT AND RECOMMENDATION**

**TIMMY G. ROBINSON, JR.** **DEFENDANT**

* * * * * * *

The United States respectfully objects to that portion of the Magistrate Judge's Report and Recommendation which recommends granting the Defendant's Motion for a Bill of Particulars as to the alleged loss amount in this case. [DE 33: Report and Recommendation, at 6-7.] The United States otherwise agrees with the Magistrate Judge's well-reasoned conclusions.

In his Motion for a Bill of Particulars, the Defendant sought to force the government to disclose "the aggregate loss amount the government contends resulted from the scheme and the method used to calculate it." [DE 25: Motion at 4.] The Defendant did not offer any basis or argument in support of this demand in his Motion, *id.*, and the United States therefore did not specifically respond beyond its general objection to the Motion. [*See* DE 26: Response.] In his Reply, for the first time, the Defendant argued that loss amount is relevant because, under *Apprendi*, a jury must

determine the amount of loss if the Court were to apply the alternative fine provisions of 18 U.S.C. § 3571(d),[1] and therefore he must know the government's position on loss in order to prepare for trial. [DE 27: Reply at 8.] The Magistrate Judge agreed. Because it was raised for the first time in the Defendant's Reply, the United States had no opportunity to respond to this new argument, which is flawed for the following reasons.

First, the argument for disclosure of "loss" information is predicated entirely on the possibility of a fine, which is a discretionary aspect of sentencing. "A defendant who has been found guilty of an offense *may* be sentenced to a fine." 18 U.S.C. § 3571(a) (emphasis added); *see also United States v. Ellis*, 522 F.3d 737, 739 (7th Cir. 2008) ("In contrast [to restitution under the Mandatory Victim Restitution Act], criminal fines are discretionary, and sentencing courts must consider ability to pay when determining whether to impose any fine at all.") (citing 18 U.S.C. § 3572(a)). There is no requirement that the Court impose any fine; if it were to do so, the amount of the fine would turn on numerous factors, including Defendant's ability to pay a fine in addition to what is likely to be a substantial restitution obligation. 18 U.S.C. § 3572(a). Given the speculative and discretionary nature of any fine, compelled pre-trial disclosure of the government's theories of loss via a bill of particulars is improper.

Second, because this aspect of the requested bill of particulars is a (discretionary) sentencing issue instead of a trial issue, the United States was unable to locate any case in

[1] Section 3571(d) provides that, "if any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss . . . ."

which a court specifically granted a motion for a bill of particulars seeking loss amount information. The Defendant pointed to no such authority in his Reply Brief either. To the contrary, the cases that address the issue uniformly deny such relief. *See*, *e.g.*, *United States v. McMillan*, 2024 WL 3564854 (N.D. Ga. July 3, 2024) (denying motion for bill of particulars where defendant "points to no authority saying the United States must—in a bill of particulars—itemize the losses it alleges Defendant caused[.]"); *United States v. Singla*, 692 F. Supp. 3d 1341, 1361 (N.D. Ga. 2023) (denying motion of bill of particulars for detailed information about specific losses the defendant allegedly caused); *United States v. Brumaire*, 2018 WL 5817540, at *1 (S.D.N.Y. Oct. 19, 2018) (denying motion for bill of particulars seeking specific loss amount attributable to defendant and general conspiracy loss amount); *United States v. Shteyman*, 2011 WL 2006291, at *4 (E.D.N.Y. May 23, 2011) (denying motion for bill of particulars as to the government's loss calculation where loss amount was not an element of the charged offenses).

Third, assuming for the sake of argument that loss amount is a question for the jury and needed for trial, the Defendant already possesses all the information necessary to make an informed assessment of potential loss amounts. The Indictment itself specifies the relevant dollar figures. It details the value of the two assets at the heart of the Defendant's scheme – an Employee Retention Credit for the first quarter of 2021 valued at $3,319,220, and an Employee Retention Credit for the second quarter of 2021 valued at $3,589,252. [DE 1: Indictment, at ¶¶ 8-9.] It summarizes the total purchase price for those assets as set forth in the sales agreements executed by the Defendant and victim company. [*Id.* at ¶¶ 16-17.] And it provides the exact amount of money wired by the

victim company as initial payment for those assets, which the Defendant had already caused to be sold to another buyer, as a result of the Defendant's knowing misrepresentations and concealment of material facts. [*Id.* at ¶ 18 ("On or about November 12, 2025, Buyer 2 wired an initial purchase payment of $4,739,843.18 for the Q1 ERC and Q2 ERC to an ARC bank account at Community Trust Bank ending in *7593.").] These allegations are supported by the documentary evidence contained in the discovery. "[A] bill of particulars 'is meant to apprise the defendant of the essential facts of a crime and should be required only where the charges of an indictment are so general that they do not advise a defendant of the specific facts of which he is accused.'" *United States v. Daugherty*, 2017 WL 839472, at *1 (E.D. Ky. Feb. 28, 2017) (quoting *United States v. Kerik*¸615 F. Supp. 2d 256, 277 (S.D.N.Y. 2009)); *see also United States v. Taylor*, 2022 WL 4227509, at *1 (E.D. Ky. Sept. 13, 2022) ("Defendants are not entitled to a bill of particulars if the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial."). Anything further would go beyond the permissible scope of a bill of particulars, and force disclosure of the government's theories on and evaluation of the loss issue. *See United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (motion for bill of particulars is not a discovery device through which the defendant "learn[s] the government's evidence and theories."). In light of the detailed allegations of the Indictment and the voluminous discovery, the Defendant cannot credibly argue that he lacks sufficient information to prepare for trial.

For these reasons, and for those set forth in the government's Response to the

Motion for a Bill of Particulars, DE 26, the United States respectfully objects to that portion of the Magistrate Judge's Report and Recommendation which recommends granting the Motion as to the alleged loss amount in this case, and asks that the Court enter an Order denying the Motion in its entirety.

Respectfully submitted,

JASON D. PARMAN
UNITED STATES ATTORNEY

By: /s/ *Paul McCaffrey*
Paul McCaffrey
Assistant United States Attorney
260 West Vine Street, Ste. 300
Lexington, KY 40507
(859) 685-4820
Paul.McCaffrey@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send an electronic notice to counsel of record.

*s/ Paul McCaffrey*
Assistant United States Attorney